IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE SONS, an individual, ) | CIV F 08 - 0840 AWI TAG |
| Plaintiff, ) | |
| ) | ORDER ON MOTIONS TO |
| v. ) | PURSUANT TO F.R.C.P. |
| ) | 12(b)(6) |
| JIM MCMANIS, ) | |
| ) | Doc. # 12 |
| Defendant. ) | |
| ) | |

This is an action in diversity by plaintiff Bruce Sons ("Plaintiff") against defendant Jim McManus ("Defendant"). The complaint alleges four untitled claims for relief under California common law. The claims arise out of an alleged agreement wherein about 10 acres of land was conveyed from Plaintiff to Defendant for the purpose of development with the expectation that a 2.5 acre portion of the land would be reconveyed from Defendant to Plaintiff. The reconveyance did not occur. In the instant motion, Defendant seeks to dismiss all or portions of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Diversity jurisdiction exists pursuant to 28 U.S.C. 1332. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case are simply stated and are largely undisputed. In 1994 Plaintiff owned a parcel of land in Kern County consisting of approximately ten acres. Although the complaint sets forth no dates for the transfer, quitclaim deeds submitted by Plaintiff as attachments to his opposition to defendant's motion to dismiss indicate the transfer occurred on

or about May 10, 1994, and the transfer was subsequently corrected by a reconveyance of a portion of the property by quitclaim deed on or about June 29, 1994.  The complaint alleges the transfer was subject to an agreement between the parties that Defendant would hold two and one-half acres of the land "in trust" for Plaintiff's benefit and, after subdividing and developing the land, Defendant would reconvey the 2.5 acres back to Plaintiff.  The reconveyance never occurred.

The complaint alleges four claims for relief that are untitled but generally track the elements of claims under California common law for breach of fiduciary duty, breach of contract, unjust enrichment, and fraud.  In the instant motion, Defendant moves to dismiss Plaintiff's fourth claim for relief for fraud on the ground Plaintiff's complaint fails to plead the elements of fraud and on the ground the complaint fails to plead the elements of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.[1]  Defendant also moves to dismiss Plaintiff's first claim for relief for breach of fiduciary duty for failure to allege facts to support the existence of a fiduciary relationship.  Plaintiff also moves to dismiss the complaint in its entirety on the ground Plaintiff has not sufficiently alleged facts to support the existence of an agreement to hold property in trust – an allegation that underlies each of Plaintiff's claims for relief – because there is no allegation of a writing sufficient to satisfy the statute of frauds.  In the alternative, Defendant moves for a more definite statement.

Defendants motion to dismiss or for a more definite statement was filed on October 15, 2008.  Plaintiff's opposition was filed on November 14, 2008, and Defendant's reply was filed on November 20, 2008.  The matter was taken under submission as of November 25, 2008

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon

---

[1] Any references to "Rules" hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201.  Id.  Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court.  See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the same court).

**DISCUSSION**

**I. Plaintiff's Claim for Fraud**

Defendant alleges two grounds for dismissal of Plaintiff's fourth claim for relief for fraud.  First, Defendant alleges Plaintiff has failed to allege all the elements of fraud; specifically, that Plaintiff failed to allege intent to defraud (that is, to induce reliance) and justifiable reliance.

3

Second, Defendant alleges Plaintiff's claim for fraud must be dismissed for failure to plead the elements of fraud with particularity as required by Rule 9(b).

The elements of fraud are "'(a) misrepresentation (false representation, concealment, or non-disclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). Promissory fraud, which Plaintiff alleges is the claim he asserts, is a subspecies of the action for fraud and deceit wherein the misrepresentation is the promise to do something with no present intent to perform. Id. Thus, where promissory fraud is alleged, the elements of misrepresentation and knowledge of falsity merge into a single statement – a promise of future performance – which is made false because there is no intent to perform at the time the promise is made.

With respect to Plaintiff's claim for fraud, the complaint alleges:

¶ 21.   Plaintiff, in reliance upon [D]efendant's representation that [Defendant] would reconvey to Plaintiff 2.5 acres of land, conveyed ten acres of said property to Defendant.

¶ 22.   Plaintiff would not have conveyed said property to Defendant without said reliance.

¶ 23.   At the time Plaintiff conveyed the subject ten acres to Defendant, Defendant had no present intent to reconvey the 2.5 acres to Plaintiff.

¶ 24.   Plaintiff's reliance upon the false representation of Defendant was the proximate cause of damages to Plaintiff in excess of $75,000.

Doc. # 1 at 3.

Here, Plaintiff has alleged, albeit in minimalist style, the elements of fraud. Plaintiff alleges the elements of falsity and scienter by alleging Defendant promised to reconvey 2.5 acres, a promise Defendant had no intent to perform at the time the promise was made. The intent to induce reliance may be inferred from Plaintiff's allegation that he would not have transferred the property had Defendant not promised to reconvey 2.5 acres. Logically, the only reason for Defendant to promise the reconveyance of the 2.5 acres would be as an inducement for Plaintiff to

4

convey the ten acres of property to defendant. Without such a promise, Plaintiff would have no reason to convey the property in the first instance. See id. at 639 (inferring intent from the nature of the promise made under the circumstances).

Plaintiff alleges he reasonably relied on Defendant's promise to reconvey. Defendant contends there can be no reasonable reliance where there was no writing sufficient to constitute a valid agreement. Defendant's argument is not persuasive. An action for promissory fraud is an action in tort, not in contract, and does not require the breach of a contractual agreement. Id. at 638. Thus, to reasonably rely, Plaintiff need not have had a basis for believing he was entering into an enforceable contract, he merely needed to have had a reason to believe Defendant would reconvey the 2.5 acre parcel of land. For purposes of a motion to dismiss, it is sufficient that Plaintiff alleges that Defendant made the promise to reconvey the 2.5 acres and that Plaintiff took Defendant at his word. Absent a showing that Plaintiff had a reason to belief that Defendant would not reconvey the land at the time the promise was made, the court cannot find that the reliance was unreasonable as a matter of law. For present purposes, it is sufficient that Defendant made a promise to reconvey and Plaintiff relied upon that promise. Whether the reliance was unreasonable under these circumstances is a matter for the trier of fact.

The court concludes that Plaintiff's complaint minimally, but adequately, alleges the elements of fraud.

With respect to the requirements of Rule 9(b), Defendant alleges Plaintiff has not plead the elements of fraud with sufficient particularity. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). "A pleading 'is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" Neubronner v. Milken, 6 F. 3d 666, 671 (9th Cir. 1993), quoting Gottreich v. San Francisco Investment Corp., 552 F. 2d 866, 866 (9th Cir. 1977). A complaint alleging fraud meets the standard if it alleges the

5

time, place, and content of the fraudulent statements, including reasons why the statements are false. Decker v. GlenFed, Inc., 42 F.3d 1541, 1547-48 (9th Cir. 1994), en banc.

        Defendant alleges that the particular facts that are missing from Plaintiff's claim for fraud are the relevant dates. The court, having reviewed Plaintiff's allegations as set forth in the complaint, agrees. There are two dates that may be critical to Defendant's ability to adequately respond to Plaintiff's claim of fraud; the date on which the promise to reconvey was made, and the date that Defendant was bound by his promise to reconvey. Plaintiff contends the date Defendant made the promise to reconvey can be adequately inferred from the date of the quitclaim deeds. While the court does not agree that the date of the quitclaim deeds gives rise to a legally compelling inference of when the promise to reconvey was made, the real point to Rule 9(b) is that the parties and the court are relieved of the need to make any inferences as to particular dates; the plaintiff is required to plead them. Further, the date upon which Defendant's duty to reconvey the 2.5 acres accrued cannot be inferred from any facts in the complaint. For a variety of reasons, the date Defendant's duty to reconvey accrued may be crucial to Defendant's response to Plaintiff's allegation of fraud. Plaintiff's claim for fraud is therefore insufficiently pled in light of the requirements of Rule 9(b).

**II. Breach of Fiduciary Duty**

        Defendant moves to dismiss Plaintiff's first claim for relief on the ground Plaintiff failed to allege facts sufficient to show that a trust relationship existed between Plaintiff and Defendant. Plaintiff's first claim for relief alleges breach of fiduciary duty as follows, in pertinent part:

¶8.    Defendant owed fiduciary duties to Plaintiff due to parties' positions and the trust placed in Defendant by Plaintiff.

¶9.    Defendant breached said fiduciary duties by failing to reconvey the 2.5 acres of the property to Plaintiff.

Doc. # 1 at 2.

        The court agrees that Plaintiff's complaint does not adequately allege the existence of a

trust or fiduciary duty. Plaintiff's claim that "Defendant owed fiduciary duty to Plaintiff due to parties' positions and the trust placed in Defendant by Plaintiff" is a legal conclusion set forth as a fact. As such, it is not sufficient to show that a fiduciary duty was owed. Western Mining Council, 643 F.2d at 624. Plaintiff's opposition to Defendant's motion to dismiss the breach of fiduciary duty claim illustrates both the ambiguity of Plaintiff's claim and its insufficiency. Plaintiff relies primarily on California Civil Code section 2224 for the proposition that the fact that the 2.5 acres was held "in trust" for Plaintiff gives rise to a constructive trust that need not be in writing and that creates the fiduciary obligations that Defendant is alleged to have breached.

Plaintiff's reliance on section 2224 is misplaced. As Defendant correctly notes, section 2224 is the statute that authorizes the *court-ordered*, *involuntary* imposition of a constructive trust as an equitable remedy. Cal. Civ. Code § 2224; See Kraus v. Willow Park Pub. Golf Course, 73 Cal.App.3d 354, 373 (1st Dist. 1977) ("constructive trust is an equitable remedy imposed where the defendant holds title or some interest in certain property which it is inequitable for him to enjoy as against the plaintiff"). The fiduciary duty that Defendant is alleged to have breached cannot have arisen in the first instance as a result of a constructive trust because no court had imposed such a trust as of the date the complaint was filed.

Plaintiff argues in the alternative that, even without a trust or agency relationship between Plaintiff and Defendant, the circumstances of the case give rise to a confidential relationship that creates a fiduciary duty that Defendant allegedly breached. Plaintiff's argument offers the best illustration of why Plaintiff's claim for breach of fiduciary duty is subject to dismissal.

Plaintiff presents a number of facts – facts not set forth in the complaint – that could show the existence of a confidential relationship between Plaintiff and Defendant. Plaintiff's contention in this regard is that he is not required under Rule 8 to prove his claim, only to provide notice as to the basis for his claim. Under Rule 8, Plaintiff is required to provide fair notice of Plaintiff's claim; that is, notice sufficiently specific to allow a response. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (although the Federal Rules have adopted a flexible

pleading policy, a complaint must still give fair notice and state the elements of the claim plainly and succinctly).  Plaintiff's proffer of facts not set forth in the complaint to support alternative theories for the imposition of a fiduciary duty illustrates how Plaintiff has failed to provide notice adequate to allow a response.  Plaintiff's complaint violates Rule 8 because the complaint leaves it to Defendant and the court to guess what legal theory Plaintiff is using to support his claim of breach of fiduciary duty.

"A complaint may be dismiss [pursuant to Rule 12(b)(6)] as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  Plaintiff's claim for breach of fiduciary duty fails on both counts; first, because it does not provide adequate notice of an applicable legal theory that gives rise to a fiduciary duty, and second, because it sets forth no facts that would support the application of the theory.  Plaintiff's claim for relief on the ground of breach of fiduciary duty must therefore be dismissed.

### III.  Defendant's General Defense – Statute of Frauds

Defendant moves for dismissal of all claims for relief on the ground each of the claims is predicated on the existence of an agreement to transfer real property but there is no allegation that a writing sufficient to satisfy the statute of frauds exists.  Generally, "[t]he doctrine of estoppel to plead the stature of frauds may be applied where necessary to prevent either unconscionable injury or unjust enrichment." Tenzer v. Superscope, Inc., 39 Cal.3d 18, 27 (1985).  Thus, with respect to Plaintiff's claims for various species of breach as alleged in his first and second claims for relief, Defendant may be estopped from asserting the defense of statute of frauds where Plaintiff can show unjust enrichment.  What this means in a practical sense is that Plaintiff's third claim for unjust enrichment becomes the vehicle for satisfaction of Plaintiff's claims for breach in the absence of a writing sufficient to satisfy the statute of frauds.

In a similar vein, the statute of frauds does not, as a matter of law, afford Defendant a defense to Plaintiff's fourth claim for relief for fraud.  Where the fraud is alleged to have induced

the plaintiff to perform his part of a bargain where the defendant had no present intent to perform his part, an action in tort will lie for fraud where an action in contract is not available because an enforceable contract is lacking. Lazar, 12 Cal.4th at 638.

The gravamen of Plaintiff's complaint is that Defendant was unjustly enriched when he did not reconvey the 2.5 acres to Plaintiff. The lack of an enforceable contract or the lack of a writing sufficient to satisfy the statute of frauds will not prevent Plaintiff's recovery if he can show unjust enrichment. Defendant's motion to dismiss the complaint as to all claims will therefore be denied.

**IV. Motion for a More Definite Statement**

Defendant moves in the alternative for a more definite statement pursuant to Rule 12(e). A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. See Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D.Cal.1988); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal.1981). The court must deny the motion if the complaint is specific enough to apprise defendant of the substance of the claim being asserted. See Bureerong v. Uyawas, 922 F.Supp. 1450, 1461 (C.D.Cal.1996); FRA S.P.A. v. Surg- O-Flex of America, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). The court should also deny the motion if the detail sought by a motion for more definite statement is obtainable through discovery. See Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D.Cal.1993).

Plaintiff's claims for breach of fiduciary duty and fraud have been dismissed and the request for a more definite statement is moot with respect to them. With regard to the remaining claims, Defendant's main concern in requesting a more definite statement is that the court should require pleadings sufficient to address threshold defenses, such as the statute of limitations and statute of frauds. Because the court has determined that a statute of frauds defense may not be available to Defendant under the claims pled, the court will not require a more definite statement that addresses the statute of frauds defense. While the court tends to agree that Plaintiff's

complaint might be improved if the time of accrual of Plaintiff's claims were set forth, the court finds that Plaintiff's remaining claims for breach and unjust enrichment are not so inadequately pled as to prevent Defendant from understanding the basic nature of the claim.  As a practical matter, the dismissal of Plaintiff's fraud claim for failure to meet the heightened pleading standards of Rule 9(b) means that Plaintiff will be required to supply at least some of the dates, such as the date of accrual of Plaintiff's claim, that are pertinent to Defendant's request for a more definite statement.  The court is of the opinion that the remainder of the information that may be pertinent to Defendant's threshold defenses will likely be available through discovery and dispositive motions based on these threshold defenses are more properly presented in the context of motions for summary judgment.  The court will therefore deny Defendant's request for a more definite statement.

THEREFORE, pursuant to the foregoing discussion it is hereby ORDERED that:

1. Defendant's motion to dismiss Plaintiff's fourth claim for relief for fraud is GRANTED. Plaintiff's fourth claim for relief is hereby DISMISSED with leave to amend.
2. Defendant's motion to dismiss Plaintiff's first claim for relief for breach of fiduciary duty is GRANTED.  Plaintiff's first claim for relief is hereby DISMISSED with leave to amend.
3. Defendant's motion to dismiss Plaintiff's complaint in its entirety is DENIED.
4. Defendant's motion for a more definite statement is DENIED.

IT IS SO ORDERED.

**Dated:   January 2, 2009**                        /s/ Anthony W. Ishii
                                               CHIEF UNITED STATES DISTRICT JUDGE