1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **BRUCE SONS, an individual,** | ) | **CIV F 08 - 0840 AWI TAG** |
| | ) | |
| **Plaintiff,** | ) | **ORDER ON MOTIONS TO** |
| | ) | **DISMISS PURSUANT TO** |
| **v.** | ) | **F.R.C.P. 12(b)(6)** |
| | ) | |
| **JIM MCMANIS,** | ) | |
| | ) | Doc. # 12 |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

In this action in diversity by plaintiff Bruce Sons ("Plaintiff") against defendant Jim McManus ("Defendant"), the Magistrate Judge issued orders on March 5, 2009, directing the parties to submit briefs limited to the issues of (1) whether the requirement of a jurisdictional amount in controversy is met, (2) whether the action is barred by a statute of limitations, (3) whether the statute of frauds bars Plaintiff's remaining claims, and (4) whether a prior judgment in a small claims proceeding precludes any claims in this action. On June 16, 2009, following the submission of limited briefing on the four issues, the Magistrate Judge issued an order construing Defendant's briefing as a motion to dismiss. Pursuant to the court's June 16 order, Plaintiff submitted a brief in opposition to Defendant's original briefing on July 18, 2009, and Defendant submitted an opposition to Plaintiff's original briefing on August 3, 2009. On August 5, 2009, the court vacated the date set for oral argument on these issues and took the matter under submission. Due to the press of business, the court has been delayed in addressing the parties' briefs. With apologies for the delay, the court now returns to the issues raised.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The original complaint in this action was filed on June 13, 2008.  On January 5, 2009, the court issued a memorandum opinion and order granting in part and denying in part Defendant's motion to dismiss or for a more definite statement (the "January 5 Order").  The court's January 5 Order granted leave to amend the complaint.  Plaintiff filed his First Amended Complaint ("FAC") on January 30, 2009.  The Magistrate Judge's order of March 5, 2009, directing further briefing on the issues listed above permitted limited discovery as to those issues.  Plaintiff's and Defendant's opening briefs were both filed on June 10, 2009.  Plaintiff's responsive brief was filed on July 18, 2009, and Defendant's responsive brief was filed on August 3, 2009.  The parties, in addition to submitting their briefs as directed, also submitted as exhibits declarations and depositions taken in the course of the limited discovery allowed by the Magistrate Judge's order. On August 5, 2009, the court vacated the hearing date set for August 10, 2009, and took the matter under submission as of August 10, 2009.

The underlying facts alleged in the FAC are little changed from those listed in the original complaint.  Basically, Plaintiff owned a 10-acre parcel of land in Kern County in 1994 that contained a home and a detached workshop.  Plaintiff had not made mortgage payments on the property and the property was in foreclosure.   A trustee's sale was scheduled for May 10, 1994.  Plaintiff's brother, Dwight Sons, approached Defendant proposing a deal whereby Plaintiff would deed the property to Defendant upon the agreement that Defendant would pay the amount owing on the mortgage.  Plaintiff alleges he agreed to convey the property to Defendant on the condition Defendant would subdivide the parcel, holding a 2.5 acre subdivided parcel containing the home and workshop "in trust for Plaintiff."  Plaintiff alleges Defendant was to keep the remaining 7.5 acres as a "quid pro quo" for aiding Plaintiff.  The entire 10-acre parcel was conveyed to Defendant by quitclaim deed.  Defendant paid the arrears and late fees on the mortgage.  The FAC alleges the property was never subdivided and no portion of the property was ever reconveyed to Plaintiff.  The entire 10-acre parcel was ultimately sold by Defendant.

2

1   The FAC alleges Plaintiff was incarcerated soon after the property was deeded to

2 Defendant and that Plaintiff remained unaware of Defendant's failure to reconvey the property

3 throughout the term of his incarceration, which lasted until 2006.  Plaintiff alleges he did not

4 have actual notice of Defendant's repudiation of the deal, including refusal to compensate

5 Plaintiff for the loss of his 2.5 acre parcel until he talked to Defendant in June, 2008.

6   Defendant alleges facts that differ in a few respects.  Defendant alleges that, as part of the

7 agreement, Plaintiff agreed to take out a loan within 60 days from the date of the transfer and use

8 the proceeds of the loan to compensate Defendant for his "out of pocket expenses."  Defendant

9 alleges that no loan was ever taken out and that Plaintiff was incarcerated on the sixty-first day

10 after the date of the transfer of the property.  It is not completely clear from Defendant's

11 pleadings whether the obtaining of a loan by Plaintiff was a condition precedent to Defendant's

12 obligation to reconvey the 2.5 acre parcel to Plaintiff.  It is also not clear from the pleadings

13 whether the "out of pocket expenses" that Defendant alleges he was due compensation for

14 included the money needed to pay off the arrears and late fees owing on the mortgage.

15              **LEGAL STANDARD**

16   A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

17 can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient

18 facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

19 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint

20 must set forth factual allegations sufficient "to raise a right to relief above the speculative level."

21 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court

22 considering a motion to dismiss must accept as true the allegations of the complaint in question,

23 Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the

24 pleading in the light most favorable to the party opposing the motion, and resolve factual

25 disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

26 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a

27

28                  3

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

     The Ninth Circuit follows the methodological approach set forth in Iqbal for the

assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth.  While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.  When there are well-
> pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at

1950).

     "As a general rule, 'a district court may not consider any material beyond the pleadings in

ruling on a Rule 12(b)(6) motion.' [Citation.]"  Lee v. City of Los Angeles, 250 F.3d 668, 688

(9th Cir. 2001).   However, a district court may consider materials in a 12(b)(6) motion to

dismiss that are not part of the pleadings but that are 'matters of public record' of which the court

may take judicial notice pursuant to Federal Rule of Evidence 201.  Id.  Specifically, a district

court may take judicial notice of public records related to legal proceedings in both state courts

and in the district court.  See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003)

(district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746

F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the

same court).

## DISCUSSION

### I. Amount in Controversy

     "District courts have jurisdiction in civil actions where there is complete diversity of

citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of

1  interest and costs." <u>Crum v. Circus Circus Ent.</u>, 231 F.3d 1129, 1131 (9th Cir. 2000); 28 U.S.C.

2  § 1332(a).  "Generally, the amount in controversy is determined from the face of the pleadings.

3  [Citation.] The sum claimed by the plaintiff controls so long as the claim is made in good faith.

4  [Citation.] 'To justify dismissal "it must appear to a legal certainty that the claim is really for less

5  than the jurisdictional amount."' [Citation.]" <u>Crum</u>, 231 F.3d at 1131.  Because the instant case

6  was originally filed in this court, the standard set forth in <u>St. Paul Mercury Indem. Co. v. Red</u>

7  <u>Cab Co.</u>, 303 U.S. (1938) applies.  Pursuant to that standard, Defendant has the burden to prove

8  "'to a legal certainty that Plaintiff's claim is really for less than the jurisdictional amount'" in

9  order to show entitlement to dismissal of Plaintiff's claim on the ground of amount in

10  controversy.  <u>Home Buyers</u>,  2007 WL 4616687 at *6 (quoting <u>St. Paul Mercury</u>, 303 U.S. at

11  288)).

12       Defendant contends that Plaintiff's entitlement to damages is either zero (restitution

13  damages) or at most $51,387.40 (expectation damages).  Defendant notes that restitution restores

14  the *status quo ante*; that is, restores the plaintiff to the condition he was in before the event.

15  Defendant arrives at the figure of zero for restitution damages by noting that Plaintiff's condition

16  prior to the alleged agreement was that the foreclosure sale of the entire 10-acre parcel was

17  imminent; that is, that the foreclosure sale was hours away, and that Plaintiff was about to lose

18  the property to the foreclosure sale.  The obvious flaw in Defendant's argument is that Plaintiff's

19  interest in the soon-to-be-foreclosed property was not zero; at a minimum, it would have been the

20  difference between the foreclosure sale price and the amount paid to clear the claims against the

21  title.  Because Defendant offers no basis to establish what the foreclosure sale price would have

22  been, he cannot show to a legal certainty that the amount that Plaintiff would have realized

23  following satisfaction of the claims against the property – the restitutionary amount – would have

24  been less than the jurisdictional amount.

25       As to expectation damages, Defendant arrives at the amount of $51,387.40 by alleging

26  that approximately six months after the property was transferred from Plaintiff to Defendant,

27

28                                          5

1   Plaintiff's son asked Defendant to make an offer to re-sell the property back to Plaintiff.

2   Defendant alleges he offered to sell the property (the entire 10 acres) back to Plaintiff for

3   $331,863.45; an amount Plaintiff's son characterized as a ridiculously low price. Defendant

4   calculates what he contends is Plaintiff's maximum expectation damage amount by subtracting

5   the amount Defendant paid to clear title to the property from the offered resale price of

6   $331,863.45. Again, the flaw in Defendant's argument is fairly obvious. By the admission of

7   both parties, the resale offer price bears little or no relation to the actual market value of either

8   the ten-acre parcel or the 2.5 acre parcel containing the house and shop that Plaintiff alleges he

9   would have received had Defendant performed. Plaintiff's expectation damages are the

10  difference between the market value of the 2.5 acre parcel Plaintiff alleges was to be conveyed

11  back to him and the amount that was paid to satisfy the claims against the property. Because

12  Defendant has not shown to a legal certainty that the market value of the 2.5 acres plus house and

13  shop would have been less than the value of the claims against the property plus the jurisdictional

14  amount, Defendant is not entitled to dismissal on the basis of failure to allege the jurisdictional

15  amount.

16      The court concludes that Defendant has failed to carry his burden to show to a legal

17  certainty that the actual damages Plaintiff can claim in this action are less than the $75,000

18  jurisdictional amount that Plaintiff's complaint alleges. The court therefore does not lack subject

19  matter jurisdiction in this action for lack of the jurisdictional amount.

20  **II. Statute of Frauds**

21      On January 5, 2009, the court issued a memorandum opinion and order on Defendant's

22  motion to dismiss (the "January 5 Order"). In its January 5 Order, the court addressed

23  Defendant's statute of frauds defense to Plaintiff's claims for breach and fraud as follows"

24          Generally, "[t]he doctrine of estoppel to plead the stature of frauds may be applied
            where necessary to prevent either unconscionable injury or unjust enrichment."

25          Tenzer v. Superscope, Inc., 39 Cal.3d 18, 27 (1985). Thus, with respect to
            Plaintiff's claims for various species of breach as alleged in his first and second

26          claims for relief, Defendant may be estopped from asserting the defense of statute
            of frauds where Plaintiff can show unjust enrichment. What this means in a

27

28                                          6

1
practical sense is that Plaintiff's third claim for unjust enrichment becomes the
vehicle for satisfaction of Plaintiff's claims for breach in the absence of a writing
2
sufficient to satisfy the statute of frauds.

3
Doc. # 23 at 8:17 - 22.

4
While the court's January 5 Order correctly conveyed its conclusion that a claim for

5
unjust enrichment is not barred by the statute of frauds, it stopped short of making a

6
determination as to whether Plaintiff's claim for breach of contract should be dismissed.  The

7
court now corrects this oversight.

8
Section 1624 of the California Civil Code provides that an agreement for the sale of real

9
property is invalid "unless [. . .] some note or memorandum thereof, [is] in writing and

10
subscribed by the party to be charged or the party's agent."  See Cal. Civ. Code, § 1624(a)(3).

11
Both parties agree that Plaintiff conveyed the subject property to Defendant, that there was

12
consideration for the conveyance, and that there was no writing memorializing the agreement

13
between the parties.  Thus, absent some exception to the application of the statute of frauds, the

14
agreement between Plaintiff and Defendant is unenforceable.

15
As the court noted in its January 5, Order, "Defendant may be estopped from asserting the

16
defense of statute of frauds where Plaintiff can show unjust enrichment."  However, the estoppel

17
involved here does not mean that the remedy Plaintiff seeks arises out of, or is dependent upon,

18
the invalid agreement.  See FDIC v. Dintino, 167 Cal.App.4th 333, 346 (4th Dist 2008) ("unjust

19
enrichment is a common law obligation implied by law based on the equities of a particular case

20
and not on any contractual obligations").  Plaintiff has not argued any basis for enforcement of

21
the unwritten agreement; he only has alleged that the statute of frauds does not bar recovery for

22
unjust enrichment.  As the court's January 5 Order implies, Plaintiff's claims for breach of

23
contract may be vindicated, if at all, only through Plaintiff's claim for unjust enrichment.  The

24
court therefore finds that Plaintiff's claim for breach merges into, and is duplicative of, his claim

25
for unjust enrichment.  The claim for breach of contract will therefore be dismissed.

26
The second issue raised by Defendant's statute of frauds defense is whether California's

27

28
7

Statute of Frauds bars Plaintiff's claim for breach of fiduciary duty.   The court's January 5 Order

dismissed Plaintiff's claim for breach of fiduciary duty for failure to state a fiduciary relationship.

In Plaintiff's FAC, the claim for breach of fiduciary duty is reasserted on the ground that the un-

written agreement between the parties obliged Defendant to hold the 2.5 acre parcel "in trust" for

Plaintiff's benefit.   Plaintiff's first claim for relief alleges Defendant owed a fiduciary duty to

Plaintiff because of "(1) the superior financial situation of [D]efendant, (2) Plaintiff's reliance

upon Defendant in aiding Plaintiff's financial distress and halting an impending foreclosure on

the subject property, (3) Defendant's relationship with Plaintiff's brother, (4) and the trust

Plaintiff placed in Defendant holding the subject [property] in trust for Plaintiff."   Doc. # 24 at ¶

9.

> A fiduciary relationship is "'any relation existing between parties to a transaction wherein one of the parties is . . . duty bound to act with the utmost good faith for the benefit of the other party.  Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such relation the party in whom the confidence is reposed, if he voluntarily or accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interests of the other party without the latter's knowledge or consent.  A fiduciary relation in law is ordinarily synonymous with a confidential relation.'" [Citations.]

Gilman v. Dalby, 176 Cal.App.4th 606, 613-614 (3rd Dist. 2009).   There is no single set of

factors that indicate the existence of a fiduciary relationship.   See City of Hope Nat'l Med. Ctr. v.

Genentech, Inc., 43 Cal.4th 375, 388 (2008) (declining to apply the 4-factor test derived from

Steven v. Marco, 147 Cal.App.2d 375 (1956) as a defining test and noting the lack of any single

test to define fiduciary relationship).   "It would appear, however, that before a person can be

charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for

the benefit of another, or must enter into a relationship which imposes that undertaking as a

matter of law."  Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d

197, 221 (1983).  A contractual arrangement, even one involving the repose of substantial trust

and confidence in a counterparty that has a significant bargaining advantage, will not necessarily

create a fiduciary relationship.   See City of Hope, 43 Cal.4th at 389 ("'[e]very contract requires

8

1   one party to repose an element of trust and confidence in the other party to perform'"). Absent a

2   relationship where the trustee acknowledges his relationship or where a fiduciary duty is implied

3   by law, "a plaintiff cannot turn an ordinary breach of contract into a breach of fiduciary duty

4   based solely on the breach of the implied covenant of good faith and fair dealing contained in

5   every contract." Gilman, 176 Cal.App.4th at 614.

6        There is nothing about the alleged agreement between Plaintiff and Defendant that

7   suggests the existence of a fiduciary relationship. Defendant did not undertake to act on behalf

8   of or for the benefit of Plaintiff. The agreement was to have culminated in the reconveyance of

9   2.5 acres from Defendant back to plaintiff as consideration for Defendant's receipt of the

10  remaining 7.5 acres of property.[1] That reconveyance is no more (or less) significant than

11  consideration that might be due in any other contractual arrangement. The fact that the

12  consideration due happened to be a piece of real property does not evince any special relationship

13  between the parties. Similarly, nothing about the relationship between Plaintiff's brother and

14  Defendant nor the fact that Defendant enjoyed a superior financial position is sufficient to signify

15  a confidential or fiduciary relationship.

16        It is well established that a trustee-beneficiary relationship imposes fiduciary obligations

17  on the trustee as a matter of law. Gilman, 176 Cal.App.4th at 614. To the extent Plaintiff's claim

18  for breach of fiduciary duty is based on the contention that the conveyance of the 10-acre parcel

19  to Defendant created a resulting trust of which Defendant was trustee, that contention is without

20  merit. "A resulting trust arises whenever the purchase of real property is made with the money of

21  the beneficiary and the deed is not taken in his name." Lang v. Laubach, 233 Cal.App.2d 511,

22  515 (5th Dist 1965). The facts of this case do not support the formation of a resulting trust

23  because the person claiming to be the beneficiary of the trust (Plaintiff) granted the property to

24

25      [1] There are at least two ambiguities as to the substance of the "Agreement" that are not resolved by the
    parties pleadings. It is not clear whether Defendant was to be compensated for the approximately $300,000 that he
26  paid to settle the claims against the property. It is also not clear whether Plaintiff undertook an obligation to take out
    a loan to compensate Defendant's "out of pocket" expenses or what those expenses might have been. These
27  ambiguities do not affect the court's decision with regard to the issues decided in this opinion.

28                                          9

1    Defendant who provided consideration for the transfer.  Further, a trust involving real property is

2    subject to California's statute of frauds to the same extent a contract involving the transfer of real

3    property is.  See Elliott v. Wood, 95 Cal.App.2d 314, 317 (2nd Dist. 1949) (oral agreement that

4    alleges formation of a resulting trust is unenforceable as to real property).  Thus, the facts of this

5    case are insufficient to suggest that any kind of trust arrangement was created that would imply a

6    trustee - beneficiary relationship between Plaintiff and Defendant.

7       The court concludes that Plaintiff's FAC fails to allege facts sufficient to support a claim

8    for relief for breach of fiduciary duty.  Plaintiff's first claim for relief will therefore be dismissed.

9    **III.  Claim Preclusion Based on Small Claims Decision**

10       Defendant contends Plaintiff's claim for entitlement to compensation for Defendant's

11    failure to reconvey the 2.5 acres to Plaintiff is barred by the Decision of the Small Claims Court

12    denying what Defendant contends was a suit claiming infringement of the same primary right at

13    issue in this action.  In support of his motion to dismiss on the ground of res judicata, Defendant

14    has submitted copies of what appears to be a fill-in-the-box complaint from the Small Claims

15    Court of Kern County, Exhibit 3 to Doc. # 35, and what appears to be a minute order form

16    denying Plaintiff's claim, Exhibit 4 to Doc. # 35.  Because these forms are official records of

17    court proceedings, this court grants Defendant's motion for judicial notice as to these two

18    exhibits.

19       As Defendant points out, California case authority provides that "a small claims court

20    judgment is final and res judicata precludes future actions on the same claim or cause of action."

21    Doc. #33 at 12:2 -23 (citing Sanderson v. Niemann, 17 Cal.2d 563, 573 (1941).  Likewise

22    Defendant correctly notes that "California courts employ the primary rights theory to determine

23    whether the same cause of action is at issue."  Doc. # 33 at 12:26-27 (citing Eichman v. Fotomat

24    Corp., 147 Cal.app.3d 1170, 1174-1175 (1983).

25       Defendant contends that Plaintiff's contention in the instant action is that "he was to

26    continue living a the [subject] Property in connection with the purported agreement. [. . . .] To

27

28                           10

the extent that this contention is true, [Plaintiff's] small claims case (relating to the removal of [Plaintiff's] personal property from the Property) was an assertion of [Plaintiff's rights under the agreement that is the subject of this action and, more particularly, his purported right to live at, and maintain his possessions on, the Property." Doc. # 33 at 13:15 - 20.  The court disagrees both as to Defendant's characterization of the instant action and as to the adequacy of the submitted evidence to support Defendant's characterization of the proceedings in the small claims court.

First, the action in the small claims court was an action for "wilful failure to return personal property."  Contrary to Defendant's characterization of the small claims proceedings, there is nothing in the records of the small claims court that would indicate that the issue being addressed by the small claims court had anything to do with Plaintiff's assertion of possessory rights in the subject property.  Rather, the record from the small claims court indicates nothing more than the fact that Vincent Sons, on behalf of his brother, Plaintiff,  sought $5,000 in compensation for Defendant's alleged failure to return unspecified articles that presumably belonged to Plaintiff.  There is absolutely nothing in the record of the small claims court to indicate that Plaintiff had asserted a possessory right in the property or that the personal items had been removed (as opposed to the more obvious possibility that the personal items complained of were in the possession of Defendant and not returned.)

Of perhaps more significance, the court is of the opinion that the core claim in this proceeding is Plaintiff's claim for unjust enrichment, not right of possession.  Unjust enrichment, by its nature, concedes the possession of the benefit to the defendant but claims that the benefit to the defendant was conferred without just compensation to the Plaintiff.  The core of an unjust enrichment claim is equitable compensation, not possessory rights.  There is nothing in the record of the small claims court to indicate the issue of just compensation for the subject property was addressed or decided.

Even if the small claims court had decided an issue closer to the issue being addressed in

11

this action, the court would be disinclined to accord preclusive effect on the thin record submitted.  Even though a small claims court's decision may have preclusive effect on subsequent actions based on claimed violation of the same primary right, the reviewing court must have a record extensive enough to determine with some precision exactly what right was claimed in the small claims court and on what basis the small claims court made its decision. Such a record is not before this court.

The court concludes Defendant's contentions with respect to the preclusive effects of the decision by the small claims court's prior proceedings are without merit.

**IV.  Statutes of Limitation**

With the dismissal of Plaintiff's claims for breach of contract and breach of fiduciary duty, Plaintiff's remaining claims will be for unjust enrichment and fraud.  The parties agree that the California statutes of limitations for both these claims is two years.  As defendant points out, "the uniform California Rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim."  Gutierrez v. Mofid, 39 Cal.3d 892, 897 (1985).  Defendant contends that each of Plaintiff's claims are barred by the applicable statute of limitations because Plaintiff knew, or should have known, of the fact that Defendant had not and would not reconvey the 2.5 acre parcel to plaintiff by not later than 2004.  Plaintiff contends that he did not know and could not have known of Defendant's intent to not reconvey until June 2008 at the earliest and that, in any event, the statutes of limitations on his claims for relief should be tolled during the period of Plaintiff's incarceration; that is, from July 11, 1994 to May 9, 2006.[2]

Defendant's allegations regarding his statute of limitations defense rely on evidence that lies outside the complaint and that is not properly the subject of judicial notice; that is, on declarations, depositions and personal letters and communications that are not part of any prior

---

[2]  Plaintiff's brief, filed June 10, 2009, indicates the date of Plaintiff's arrest was July 11, 2004.  Doc. # 36 at 4:1.  Based on the remainder of the briefs filed, the court concludes the date of July 11, 2004, is a typographical error and that the date intended was July 11, 1994.

1   official proceeding.  Further, the evidence cited is offered to counter the allegation contained in

2   the FAC that Plaintiff did not know of Defendant's intent to not reconvey the 2.5 acres until June

3   2008.  Under the legal standard for a motion to dismiss, the court must accept as true all

4   allegations set forth in the complaint.  Because the facts of when Plaintiff knew or should have

5   known the facts constituting his claims for relief for fraud and unjust enrichment are highly

6   contested and because Defendant's arguments are supported by materials that cannot be

7   considered on a motion to dismiss, the court must conclude that Defendant's motions are not

8   suitable for decision under the legal standard applicable to motions pursuant to F.R.C.P. 12(b)(6).

9          While the court's decision to deem Defendant's pleadings as a motion to dismiss may

10  seem improvident in hindsight, the court did consciously and explicitly make the determination

11  that Defendant's pleadings would be adjudicated using the standard that applies to motions to

12  dismiss.  The court is therefore reluctant to exercise its discretion to convert Defendant's motion

13  to a motion for summary judgment.  Plaintiff's FAC will stand as to Plaintiff's claims for unjust

14  enrichment and fraud.  Defendant may move for summary judgment on the ground Plaintiff's

15  remaining claims are barred by applicable statutes of limitations whenever the evidentiary record

16  is sufficiently developed to support such a motion.  To the extent this decision results in some

17  additional time and legal effort, the court apologizes but sees no acceptable alternative.

18

19                              **CONCLUSION AND ORDER**

20         Consistent with the Magistrate Judge's order of June 16, 2009, the court construes the

21  pleadings of the parties on the issues directed by the Magistrate Judge's order to be Defendant's

22  motion to dismiss any or all of Plaintiff's claims for relief on the grounds of; (1) lack of subject

23  matter jurisdiction due to insufficient amount in controversy, (2) Plaintiffs claims are barred by

24  California's statute of frauds, (3) Plaintiff's claims are precluded by *res judicata* based on the

25  prior decision of the Small Claims Court of Kern County, and (4) Plaintiff's claims are barred by

26  applicable statutes of limitations.  Based on this construal of the parties' filed briefs, the court

27

28                                          13

hereby finds and adjudicates as follows:

1.    Defendant's motion to dismiss Plaintiff's first claim for relief for breach of fiduciary duty is hereby GRANTED.  Plaintiff's first claim for relief is DISMISSED without leave to amend.

2.    Defendant's motion to dismiss Plaintiff's claim for relief for breach of contract is hereby GRANTED.  Plaintiff's second claim for relief is DISMISSED without leave to amend.

3.    Defendant's motion to dismiss Plaintiff's claim for relief for unjust enrichment is DENIED.

4.    Defendant's motion to dismiss Plaintiff's claim for relief for fraud is DENIED.

IT IS SO ORDERED.

**Dated:    January 7, 2010**                    **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE