# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE SONS, an individual, | CIV F 08 - 0840 AWI TAG |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOLLOWING FURTHER BRIEFING |
| v. | |
| JIM MCMANIS, | |
| Defendant. | Doc. # 49 |

In this action in diversity for fraud and unjust enrichment by plaintiff Bruce Sons ("Plaintiff") against defendant Jim McManus ("Defendant") the court issued an order on September 3, 2010, (the "September 3 Order") granting Defendant summary judgment as to Plaintiff's claim for fraud and requesting further briefing on Plaintiff's claim for unjust enrichment. Doc. # 59. In particular, the court requested additional briefing on Defendant's conduct with regard to the 2.5-acre parcel of land that is the subject of this action that would indicate notice of Defendant's intent to permanently deprive Plaintiff of benefits retained by Defendant constituting unjust enrichment. Defendant's further briefing, attached exhibits and request for judicial notice was filed on September 17, 2010. Plaintiff's further briefing was filed on September 20, 2010.

**DEFENDANT'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

Defendant proffered a set of undisputed material facts in conjunction with his motion for summary judgment. Those undisputed material facts were summarized in the September 3 Order and are incorporated here by reference. In response to the court's order for further briefing,

Defendant submitted a "supplemental factual summary" that provides a timeline of events that Defendant contends are "each alone sufficient to trigger the [running of the] statute of limitations." Doc. # 60 at 2:23-24.  The following is a summary of the events presented in Defendant's time-line that the court finds significant and supported by additional materials submitted by Defendant:

- In May 1994, Plaintiff transferred the entire 10-acre Property to Defendant, including the 2.5-acre parcel that is the subject of this action.  The following month Plaintiff was incarcerated.
- On October 18, 1994, Defendant sent a letter to Plaintiff's brother, Dwight Sons, offering a sell-back of the Property to Dwight and stating that the property would go "on the open market" if the Property was not repurchased (the "October 18 Letter").
- For at least a two-year period after 1994 Defendant allowed the brother and sister of Defendant's wife to live on the property to serve as "housekeepers and security agents . . . ." Defendant does not allege he received any rent from his brother and sister-in-law's occupation of the Property.
- On February 7, 1995, Defendant and his wife transferred the entirety of the Property to the McManus Living Trust ("Trust") by way of quitclaim deed.  The transfer was recorded.
- The Trust entered into an Oil and Gas Lease with Enron Oil & Gas Co. in 1999.  While a copy of the lease document is included in at Exhibit "C" of Doc. # 61, there is no indication what consideration was given or whether there was any income from the lease.
- On November 3, 1999, the Trust leased the Property, including the land, residence, shop building, fixtures, and adjacent parking areas," to James and Marilyn Payne.  The Lease was from a term of three years and provided income or rent to Defendant in the sum of $10,000.00 per year plus $4,000.00 every other month.  See Doc. # 62 - 4, Exh. "D," at ¶ 4.

- On June 29, 2003, the Trust transferred its interest in the Property to Stern Oak Properties, Inc. By means of a grant deed recorded on July 18, 2003."

The instant action was filed by Plaintiff on June 13, 2008.

## COURT'S ORDER OF SEPTEMBER 3, 2010

While the court's memorandum opinion and order filed September 3, 2010, (the "September 3 Order") granted Defendant's motion for summary judgment as to Plaintiff's claim for fraud, the court determined that it lacked information necessary to determine whether summary judgment was due as to Plaintiff's claim for unjust enrichment. Defendant's motion for summary judgment on Plaintiff's claim for unjust enrichment is based solely on Defendant's contention that Plaintiff's claim is barred by the applicable statute of limitations. As the court observed, the elements of a claim for unjust enrichment are (1) receipt of a benefit and (2) unjust retention of the benefit at the expense of another. Lectrodryer v. Seoul Bank, 77 Cal.App.4th 723, 726 (2nd Dist. 2000). While the court was able to determine that Defendant received the benefit of the transfer of the Property as of the date of the quitclaim deed in 1994, the court was not able to determine on the facts presented when Defendant's retention of the benefits of the transfer became unjust. Noting that the court could not determine that Defendant's continued possession of the Property, including the 2.5-acre parcel, was unjust in the immediate aftermath of Plaintiff's incarceration, the court concluded that there was no event or circumstance the court could point to on the facts before it to mark the point at which Defendant's retention of the benefit of the transfer of the Property could be said to have become unjust.

The facts before the court as of the date of the September 3 Order indicated that Defendant had exercised various powers as grantee of the Property, including arranging for his brother and sister to stay on the property and directing Plaintiff's brother, Dwight, to remove Plaintiff's personal effects from the Property. The court opined, however, that none of the facts before the court indicated any change in the positions of Plaintiff and Defendant relative to each other such that Defendant's retention of Plaintiff's 2.5-acre parcel, which could not be deemed

3

unjust shortly after Plaintiff's incarceration, could then be deemed unjust.  Based on the information before the court at the time, the court's September 3 Order opined that the sale of the property to a third-party could signal such a change in position such that the retention by Defendant of all the proceeds of the sale could be deemed unjust.

Defendant contends that the statute of limitations for actions based in fraud or error is three years and the limitations period for claims that arise out of unenforceable contracts is two years.  Defendant does not make an argument as to which limitations period applies, but argues that Plaintiff's claim for unjust enrichment is time-barred regardless of which limitations period is used.  The parties agreed and court assumed for purposes of its analysis in its September 3 Order that the 3-year statute of limitations applied for purposes of each of Plaintiff's claims for relief.  The court continues on the basis of that assumption for purposes of reaching a final determination of Defendant's motion for summary judgment.

## LEGAL STANDARD

The legal standard set forth in the court's September 3 Order is incorporated hereby reference.  Likewise, the court's discussion in the September 3 Order pertaining to the "discovery rule" and to the elements of a claim of unjust enrichment is also incorporated here by reference. See Doc. # 59 at 5:6 - 9:1.

## DISCUSSION

In its September 3 Order, the court focused on the sale of the Property to a third party as the event that would mark a change in the relationship between Plaintiff, who had not paid Defendant for his "out of pocket expenses," and Defendant, who had not subdivided the Property but whose dealings with the Property or with Plaintiff were not sufficient to evince an intent to unjustly retain any benefit.  The court focused on the date of the sale of the Property because that was the only event the court was aware of that would mark a significant change between the parties' relationship to each other and to the Property.  However, Defendant's additional pleading draws the court's attention to certain events prior to the sale of the Property that may have

4

signified unjust retention of the benefits of the Property significantly before the Property was finally sold.

While the court does not agree with Defendant that Defendant's exercise of various of the "bundle of rights" associated with his possession of the Property was sufficient to constitute unjust retention of the benefit of the property as early as 1994, the court finds that events Defendant allege occurred in 1995 and in 1999 are sufficient to make that showing. On January 23, 1995, Defendant reconveyed the entirety of the Property via quitclaim deed to his Trust. The transfer was recorded on February 7, 1995. Although there was no obvious change with regard to the disposition of the Property as a result of placing it in Defendant's Trust, the fact the Property was placed in the Trust without any evidence of subdivision of the Property or reservation of rights in favor of Plaintiff evinces an intent on Defendant's part to treat the entirety of the property as being, and remaining, Defendant's possession and evinces an intent not to further subdivide the Property in accordance with the alleged agreement.

Second, and more conclusively, Defendant, acting as trustee of the Trust, executed a lease agreement with James and Marilyn Payne on November 3, 1999. The lease specifically granted to the lessees rights to the use of the residence, the shop and adjacent parking areas. Doc. # 62 - 4 at ¶ 1; that is, to use specifically those areas that were part of the 2.5-acre parcel that Plaintiff alleges was supposed to be subdivided and reconveyed to Plaintiff under the terms of the Deal. The lease on the Property generated an income to Defendant in the amount of $10,000.00 per year plus $4,000.00 every other month for the 3-year term. The terms of the lease provide that the lessee was responsible to buy and maintain property and liability insurance, to pay all assessed property taxes, and to pay for any repairs or maintenance costs during the term of the lease. Thus, gross income from the lease of the property in the sum of the $34,000 per year appears to have been largely undiminished by any expenses that might otherwise have accrued to Defendant as owner and lessor of the property. Neither party contends that income from the lease was directed to, or shared with, Plaintiff nor is there any evidence that the income from the

lease was used to offset the money Plaintiff owed Defendant for Defendant's expenses. In addition, at the same time the lease was executed, Defendant, again as trustee of his living trust, executed an option to purchase agreement with the Paynes that set forth prices and conditions for the purchase of the whole of the Property during each of the years during the 3-year term of the lease. It does not appear that the option agreement involved any consideration other than the cost of the lease payments by the lessees.

In its September 3 Order, the court considered and rejected Plaintiff's argument that his subjective ignorance of Defendant's actions meant that the statute of limitations did not begin to run on Plaintiff's claims until he was released from prison in 2006. Doc. # 59 at 12 - 13. Likewise, the court considered and rejected Defendant's contention that Defendant's letter of October 18, 1994, informing Plaintiff that the property would be placed on the open market if Plaintiff did not repurchase the Property from Defendant for the offered price, was not sufficient to notify Plaintiff of Defendant's intent to unjustly retain benefits from the transfer of the Property. See Doc. # 59 at 11. What the court did conclude in its September 3 Order was that the "sale of the Property to a third person coupled with the intent of Defendant to retain all proceeds from the sale" would trigger the running of the three-year statute of limitations "when Plaintiff had at least inquiry notice of the sale of the Property." Id. at 12:10 - 15. The court further reasoned that, because Plaintiff was on notice as a result of Defendant's October 18 Letter that Defendant intended at least to dispose of the property through sale, that Plaintiff would have at least inquiry notice of Plaintiff's unjust enrichment for purposes of the three-year statute of limitations period as of the date of the sale of the Property to a third person.[1] Doc. 59 at 13:1-7.

Based on additional facts alleged by Defendant and supported by relevant documentation, the court now finds that Defendant's lease of the Property to James and Marilyn Payne on November 3, 1999, serves as the starting point for the commencement of the running of the

---

[1] It appears the court's September 3 Order erroneously referred to a 2-year statute of limitations period. As noted, the court presumes that the applicable statute of limitations for Plaintiff's unjust enrichment claim is three years. The court apologizes for the typographical error.

6

statue of limitations on Plaintiff's claim for unjust enrichment.  What the lease provides that was not otherwise evident in the facts available at the time of the court's September 3 Order is evidence of a definite point in time where it can be said that the ownership of the property resulted in a tangible benefit to Defendant in the form of cash rental income that should have been at least partially apportioned to Plaintiff under the agreement or used to offset Plaintiff's debt to Defendant.  Since there is no evidence that any portion of the lease income went to Plaintiff or that there was any intent that it should, it is clear that the date of Defendant's lease agreement and his subsequent retention of all lease income represents the point at which Plaintiff's claim for unjust enrichment became complete and accrued for purposes of running the 3-year statute of limitations period.

   As in the court's September 3 Order, the court rejects Plaintiff's argument that he subjectively did not and could not have known of Defendant's intentions until after his release from prison in 2006.  Defendant alleges, and Plaintiff does not dispute that the Paynes used the Property, particularly the 2.5-acre parcel containing the house and shop, for their trucking business and used the surrounding area for parking.  Thus, the use of the property was evident to even cursory inspection.  As the court held in its September 3 Order, Plaintiff is not entitled to claim ignorance of facts that could have been easily ascertained during the period of his incarceration regardless of whether the ignorance was purposeful or merely negligent.  As the court pointed out, California statute provides a two-year tolling period pursuant to Cal. Code Civ. Proc. § 352.1 for persons who are incarcerated.  See Doc. # 59 at 17.  That tolling period is legislatively provided to compensate for the difficulties posed by incarceration on a party's efforts to bring an action.  As the court concluded in its September 3 order, the tolling period provided by section 352.1 represents a public policy determination of the amount of tolling that is available to an inmate as a result of his or her imprisonment.  Additional equitable tolling is not available on the ground of incarceration.  See id.

   Presuming a three-year statute of limitations for Plaintiff's unjust enrichment claim and

7

tolling the running of the statute of limitations for two years as of the date of the lease of the Property to the Paynes, the court finds that the statute of limitations ran on Plaintiff's unjust enrichment claim as of November 3, 2005, about two and one-half years before the commencement of this action.  There are no facts available to the court that could conceivably justify either extending the tolling period or delaying the date of accrual of Plaintiff's unjust enrichment claim to the extent that would be required to make Plaintiff's unjust enrichment claim timely.  The court therefore concludes Plaintiff's claim for unjust enrichment is barred by the applicable statute of limitations.

THEREFORE, in accord with the foregoing, it is hereby ORDERED that Defendant's motion for summary judgment is hereby GRANTED.  As no further claims for relief remain, the Clerk of the Court shall ENTER JUDGMENT in favor of DEFENDANT and shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:  October 1, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE